# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RENT-A-WRECK OF AMERICA, INC., *et al.*,[1] | ) Case No. 17-11592 (LSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) **Re: Docket Nos. 221 and 222** |
| | ) **Hearing Date: March 23, 2018 at 10:00 a.m. ET** |
| | ) **Objection Deadline: March 16, 2018 at 4:00 p.m. ET** |

## DEBTORS' MOTION UNDER FED. R. BANKR. P. 9023 AND FED. R. CIV. P. 59(e) FOR ENTRY OF AN ORDER RECONSIDERING, AND ALTERING OR AMENDING, CERTAIN FINDINGS OF FACT IN SUPPORT OF JUDGMENT ON MOTION TO DISMISS CHAPTER 11 CASES

Rent-A-Wreck of America, Inc. ("RAWA") and Bundy American, LLC ("Bundy" and, with RAWA, the "Debtors"), the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases" or the "Cases"), pursuant to Fed. R. Civ. P. 59(e) (made applicable by Fed. R. Bankr. P. 9023) ask that the Court reconsider, and then alter or amend, certain determinations of fact contained in the Opinion [D.I. 221] issued in support of the Court's order dismissing the Cases [D.I. 222] (the "Dismissal Order"), with respect to the financing hearing and order approving the post-petition financing obtained from their prepetition secured lender and parent company, J.J.F. Management Services, Inc. ("JJFMS"). In support, Debtors state:

## FACTUAL AND PROCEDURAL BACKGROUND

**A.    Jurisdiction and Venue**

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1]    The Debtors in the above-captioned chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers are: Rent-A-Wreck of America, Inc. (6056) and Bundy American, LLC (5071). The principal place of business for each Debtor is 11411 Rockville Pike, Rockville, MD 20852, with administrative offices located at 13900 Laurel Lakes Drive, Suite 100, Laurel, MD 20707.

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested herein is Fed. R. Civ. P. 59(e) ("Rule 59(e)"), made applicable by Fed. R. Bankr. P. 9023.

5. The Dismissal Order was entered on the docket on February 13, 2018. Pursuant to Fed. R. Bankr. P. 9023, a motion under Fed. R. Civ. P. 59(e) must be filed no later than 14 days after entry of judgment. This Motion is therefore timely.

**B.    Hearings on Entry of Interim and Final Financing Orders**

6. On July 24, 2017 (the "Petition Date") each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

7. On July 28, 2017, the Court heard certain "first-day motions" in these Cases, including Debtors motion (D.I. 9, the "Financing Motion") for an order authorizing, on an interim basis, their use of cash collateral of, and their obtaining postpetition secured financing from, their prepetition secured lender and parent company, JJFMS (for the purposes of this Motion, the "Interim Financing Hearing"). (A copy of the transcript of the Interim Financing

Hearing is attached hereto as **Exhibit A**, and references to that transcript will be in the form "7/28 Tr. at __:__.")

8. Mr. Schwartz received notice of, and appeared at, the Interim Financing Hearing through his attorney Charles Remus of the firm of Gordon & Simmons, LLC (7/28 Tr. at 1).

9. At the Interim Financing Hearing, the Debtors offered the declarations of Gregg Steinbarth, a director and assistant secretary of RAWA, and Michael L. DeLorenzo, a director and vice president of RAWA and the day-to-day manager of Bundy. Both Mr. Steinbarth and Mr. DeLorenzo took the stand and testified under cross-examination by an attorney for the United States Trustee. (*Id.* at 37:1 to 54:13.) The declarations of Mr. Steinbarth and Mr. DeLorenzo were admitted into evidence without objection. (7/28 Tr. at 10:23 to 11:10.)

10. At the Interim Financing Hearing, the Court set August 11, 2017, as the date for the hearing on entry of a final order on the Financing Motion (the "Final Financing Hearing"). The final order was ultimately entered as D.I. 87, the "Final Financing Order". A copy of the Final Financing Order is attached hereto as **Exhibit B**. (*Id.* at 73:9-15.) The Court also set a deadline for filing objections thereto. (*Id.* at 74:19-25.)

11. The Final Financing Hearing was continued once and was ultimately held on August 30, 2017. (A copy of the transcript of the Final Financing Hearing is attached hereto as **Exhibit C**, and references to that transcript will be in the form "8/30 Tr. at __:__.")

12. At the Final Financing Hearing, Mr. Steinbarth and Mr. DeLorenzo were both present, as was Steven M. Looney, who had been appointed as independent director of RAWA and independent manager of Bundy. Mr. Schwartz again appeared at the Final Financing Hearing through his counsel, Mr. Remus. The Debtors proffered the testimony of each of Mr. DeLorenzo and Mr. Looney in support of entry of the Final Financing Order (8/30 Tr. at 5:22 to

11:12 (Looney); 11:20 to 14:13 (DeLorenzo)), and the Court admitted each proffer into evidence without objection or cross-examination (*id.* at 11:13-16 (Looney) and 14:4-17 (DeLorenzo)).

C. **Determinations Included in the Final Financing Order**

13. The Final Financing Order contains multiple factual findings and conclusions of law that are now binding upon any party that received proper notice of the Final Financing Hearing.

14. The testimony of Mr. DeLorenzo at the Interim Financing Hearing and the proffers of Mr. DeLorenzo and Mr. Looney – which constitute evidence in the record of the Final Financing Hearing – establish that the Debtors explored options for third-party financing after the Petition Date. (*See* 7/28 Tr. 49:5-12 (DeLorenzo testimony on cross-examination); 8/30 Tr. at 9:4-17, 10:6-12 (Looney proffer), 12:10-18 (DeLorenzo proffer).)

15. The pre-trial submissions of the Debtors and Mr. Schwartz included, as uncontested, Mr. Schwartz's acknowledgment of the JJFMS Debt: "JJFMS is a secured creditor of the Debtors; the Debtors have no other secured creditors;" "The Debtors' sole secured creditor in this action is JJFMS, which owns the above referenced $2,971,967.45 in secured debt." (Joint Pre-Trial Order, D.I. 176, Ex. A at ¶¶ 11, 27).

## RELIEF REQUESTED

16. Motions for reconsideration are "the appropriate means of bringing to the court's attention manifest errors of fact or law." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999); *see also In re Maxus Energy Corp.*, 571 B.R. 650, 654-55 (Bankr. D. Del. 2017) (motion under Fed. R. Bankr. P. 9023 may be granted "to correct a clear error of law or fact or to prevent a manifest injustice").

17. Referring to Debtors' post-trial brief, the Court, in its Opinion, stated that "Debtors attempt to raise evidence adduced at the debtor-in-possession financing hearing and they quote findings from the final order approving that financing. I will not consider this evidence. The evidentiary record on the Motion to Dismiss is closed. Further, Mr. Schwartz was *not present at the financing hearing and so has had no opportunity to cross-examine the witnesses or otherwise explore the evidence adduced at that hearing.* Also, the final order was entered after an uncontested hearing." Opinion at 26 (emphasis added).

18. The record of the Interim and Final Financing Hearings, and documents filed of record on the docket of these Cases, and of which the Court may take judicial notice, demonstrate that the Court's statement is incorrect:

   (a) On July 25, 2017 Debtors served Mr. Schwartz (though Debtors' noticing agent, Kurtzman Carson Consultants, LLC ("KCC")), via electronic mail and overnight delivery, with notice of the Interim Financing Hearing to be held on July 28, 2017. (Affidavit of Service [D.I. 19], Ex. A (electronic mail) and Ex. D (overnight delivery)).

   (b) The Transcript of the Interim Financing Hearing reflects that Mr. Schwartz appeared and had the opportunity to be heard through attorney Charles Remus of the firm of Gordon & Simmons, LLC (7/28 Tr. at 1).

   (c) On July 31, 2017 – as required by the interim order on the Financing Motion – KCC served Mr. Schwartz, via electronic and first-class mail, a copy of the interim order and of the notice containing both the date and time of the Final Financing Hearing and the deadline for filing objections

to entry of the Final Financing Order. (Affidavit of Service [D.I. 35], Ex. A (electronic mail) and Ex. D (first-class mail).)

(d) The Final Financing Hearing was continued to August 30, 2017. An agenda reflecting the continuance was served upon Mr. Schwartz by KCC on August 10, 2017, again by electronic and first-class mail. (Affidavit of Service [D.I. 60], Ex. A (electronic mail) and Ex. D (first-class mail).)

(e) On August 29, 2017, the day before the Final Financing Hearing, an appearance was filed on behalf of Mr. Schwartz by Scott T. Earle of Cohen Seglias Pallas Greenhall & Furman PC [D.I. 84].

(f) Although he did not appear on the record at the Final Financing Hearing, Debtors believe that Mr. Earle was then in the courtroom. Moreover, the transcript of the Final Financing Hearing demonstrates that, again, Mr. Remus appeared for Mr. Schwartz, and had the opportunity to be heard. (8/30 Tr. at 1.)

19. The above facts demonstrate that Mr. Schwartz received ample and proper notice of (a) the relief requested in the Interim and Final Financing Order; (b) the date by which objections to that relief were to be filed, and (c) the date of the Final Financing Hearing, at which that relief would be considered by the Court. It also demonstrates that Mr. Schwartz did, in fact, have an opportunity to cross-examine the witnesses whose testimony was proffered by the Debtors – witnesses who were present in Court at the time – and to explore the evidence that the Court ultimately admitted. In fact, an attorney representing Mr. Schwartz appeared at both hearings on the Financing Motion and, at least as of the Final Financing Hearing, Mr. Schwartz was also represented by Delaware counsel.

20. Further, Mr. Schwartz subsequently acknowledged the JJFMS Debt in the Statement of Uncontested Facts submitted in advance of the hearing on his motion to dismiss the Cases.

21. The notice provided to Mr. Schwartz and his failure to object render the Final Financing Order binding on Mr. Schwartz (and all others who received notice of the financing hearings). *See, e.g., In re AMF Bowling Worldwide, Inc.*, 278 B.R. 96, 102 (Bankr. E.D. Va. 2002) (notice of a financing motion and failure to object binds parties to the order).

22. In its Opinion, with reference to the postpetition financing authorized by the Final Financing Order, the Court also states, that "Debtors did not provide any testimony regarding any actual exploration of third party financing, whether prior to or after the bankruptcy filing." Opinion at 24.

23. While that statement is true with regard to the hearing on the motion to dismiss the Cases, it is incorrect that such evidence does not exist in the record of these Cases. As described above, the record of each of the Interim and Final Financing Hearings contains evidence, by proffer and live testimony, specifically describing those explorations, and the Final Financing Order states that testimony of the Debtors' representatives supported the finding that financing was not available from sources other than JJFMS on terms more favorable than those approved by the Final Financing Order. (Final Financing Order at 7.)

24. Since the entry of the Dismissal Order, JJFMS has served the Debtors with notices of default regarding the JJFMS Debt as well as the debt incurred pursuant to the Final Financing Order.

25. As demonstrated above, the statements at page 26 of the Opinion that Mr. Schwartz was not present, and did not have an opportunity to cross-examine the Debtors'

witnesses, at the financing hearings, is incorrect. Even if the corrected record does not make a difference to the Court in connection with its ruling on the Motion to Dismiss, the Debtors respectfully submit that the Opinion should be amended to correct this factual error to avoid any future dispute regarding the effect of the Final Financing Order. Had the Debtors remained in chapter 11, they would have relied upon the findings and conclusions of the Final Financing Order in crafting a plan for the distribution of their assets; they should be able to similarly rely on that Order outside of this Court. *See* 11 U.S.C. § 349 (listing the orders subject to being vacated upon dismissal, which do not include those under 11 U.S.C. §§ 363 or 364); *see also, e.g., In re Ramirez*, 283 B.R. 156, 160-61 (Bankr. S.D.N.Y. 2002) (application of section 349 is "quite narrow"; order in prior chapter 13 case fixing amount of creditor's claim had *res judicata* effect in subsequent case filed by same debtor) and *In re Jemps, Inc.*, 330 B.R. 258, 261 (Bankr. D. Wyo. 2005) (order outside those enumerated in 11 U.S.C. § 349 not vacated as result of dismissal).

26. Similarly, the statement on page 24 of the Opinion, regarding the exploration of third-party financing, if left uncorrected, would mischaracterize the proceedings in these Cases and the evidentiary record created by the Debtors at the Final Financing Hearing and unfairly undermine the findings of the Court on that issue.

## NOTICE

27. Notice of this Motion will be given to the following parties, or, in lieu thereof, to their counsel: (a) the Office of the United States Trustee; (b) Mr. Schwartz; (c) J.J.F. Management Services, Inc., and (d) all parties requesting notice under Bankruptcy Rule 2002. In light of the nature of the relief requested herein, he Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully ask the Court to (A) reconsider and, upon so doing, alter or amend the determinations of fact described above by deleting them from the Opinion or by otherwise conforming them to the record of the proceedings in these Cases and (B) grant the Debtors such other and further relief as the Court deems appropriate.

Dated: February 27, 2018
       Wilmington, Delaware

Mark Minuti (DE Bar No. 2659)
Aaron S. Applebaum (DE Bar No. 5587)
**SAUL EWING ARNSTEIN & LEHR LLP**
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19801
Telephone: (302) 421-6840
Facsimile: (302) 421-5873
mark.minuti@saul.com
aaron.applebaum@saul.com

-and-

Faye B. Feinstein (admitted *pro hac vice*)
Christopher Combest (admitted *pro hac vice*)
**QUARLES & BRADY LLP**
300 N. LaSalle Street, Suite 4000
Chicago, IL 60654
Telephone: (312) 715-5000
Facsimile: (312) 715-5155
faye.feinstein@quarles.com
christopher.combest@quarles.com

*Counsel for Debtors and Debtors in Possession*